UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

   - v. -

KHURAM ZIA,
MUHAMMAD N. ALI,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

Indictment

07 CRIM 334

## COUNT ONE

The Grand Jury charges:

1. From in or about April 2006, up to and including in or about November 2006, in the Southern District of New York and elsewhere, KHURAM ZIA and MUHAMMAD N. ALI, the defendants, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate and agree together and with each other to violate Title 18, United States Code, Sections 1029(a)(2) and 1029(a)(5).

2. It was a part and object of the conspiracy that KHURAM ZIA and MUHAMMAD N. ALI, the defendant, and others known and unknown, unlawfully, willfully and knowingly, and with intent to defraud, in an offense affecting interstate commerce, would and did traffic in and use one or more unauthorized access devices during a one-year period, and by such conduct obtained a thing of value aggregating $1,000 or more during that period, in violation of Title 18, United States Code, Section 1029(a)(2).

1

3. It was a further part and an object of the conspiracy that KHURAM ZIA and MUHAMMAD N. ALI, the defendants, unlawfully, willfully, and knowingly, and with intent to defraud, in an offense affecting interstate commerce, would and did effect transactions with one and more access devices issued to another person and persons, to receive payment and other things of value during a one-year period, the aggregate value of which is equal to and greater than $1,000, in violation of Title 18, United States Code, Section 1029(a)(5).

## OVERT ACTS

4. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

(a) On or about September 27, 2006, KHURAM ZIA, the defendant, purchased carpeting and other goods from a furniture store in Yonkers, New York.

(b) In or about April 2006, MUHAMMAD N. ALI signed a one-year lease for an apartment in Bronx, New York.

(Title 18, United States Code, Section 1029(b)(2).)

## COUNT TWO

The Grand Jury further charges:

5. From in or about April 2006 up to and including

November 2006, KHURAM ZIA and MUHAMMAD N. ALI, the defendants, unlawfully, willfully, and knowingly, and with intent to defraud, in an offense affecting interstate commerce, did traffic in and use one and more access devices during a one-year period, and by such conduct obtained a thing of value aggregating $1,000 or more during that period, to wit, ZIA and ALI obtained money and property using credit cards that were obtained under other individuals' names and social security numbers.

(Title 18, United States Code, Sections 1029(a)(2) and 2.)


COUNT THREE

The Grand Jury further charges:

6.  From in or about April 2006, up to and including in or about December 2006, in the Southern District of New York and elsewhere, MUHAMMAD N. ALI, the defendant, unlawfully, willfully and knowing, during and in relation to a felony violation enumerated in subsection (c) of Title 18, United States Code, Section 1028A, did transfer, possess, and use, without lawful authority, means of identification of other persons, to wit, ALI and his co-conspirators used the social security numbers of other individuals in furtherance of the fraud offenses charged in Counts One and Two of this Indictment.

(Title 18, United States Code, Section 1028A(a)(1) and 2.)

COUNT FOUR

The Grand Jury further charges:

7. On or about August 28, 2006, KHURAM ZIA, the defendant, unlawfully, wilfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, for the purpose of executing such scheme and artifice and attempting so to do, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, to wit, ZIA made a mortgage payment on a loan he obtained from HSBC by electronically transferring funds from a fraudulent credit card account.

(Title 18, United States Code, Section 1343.)


FORFEITURE ALLEGATION

AS TO COUNTS ONE THROUGH FOUR

8. As a result of committing the offenses alleged in Counts One through Four of this Indictment, KHURAM ZIA and MOHAMMAD N. ALI, the defendant, shall forfeit to the United States pursuant to 18 U.S.C. § 982, any property constituting or derived from proceeds obtained directly or indirectly as a result of the credit card fraud, credit card fraud conspiracy,

aggravated identity theft, and wire fraud offenses.

<u>Substitute Asset Provision</u>

9. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982 and Title 18, United States Code, Sections 2, 1028A, 1029, 1343.)


_____        _____
Foreperson                              MICHAEL J. GARCIA
                                        United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

KHURAM ZIA,
MOHAMMAD N. ALI,

Defendants.

**INDICTMENT**

07 Cr.

(18 U.S.C. §§ 2, 1028A, 1029, 1344)

MICHAEL J. GARCIA

United States Attorney.

*/s/ Grace Fumarchia-Parisi*
Foreperson